The statute prescribes certain requisites to be observed in the execution of a will. 1. The signature of *Page 519 
the testator at the end of the instrument. 2. That such signature be made or acknowledged in the presence of two witnesses. 3. The declaration of the testator in the presence of the witnesses that the paper is his will. 4. The attestation and signature of the instrument by the two witnesses, at the request of the testator. A failure to comply with either one of these requisites is fatal to the validity of the will. The proponents hold the affirmative, and must establish its due execution. But although the statute requires certain things to be done, it does not require that the witnesses shall be able to state from recollection that they were done.
If the attestation clause is full and the signatures genuine and the circumstances corroborative of due execution, and no evidence disproving a compliance in any particular, the presumption may be lawfully indulged that all the provisions of the statute were complied with, although the witnesses are unable to recollect the execution or what took place at the time. In proportion to the absence of memory, should care and vigilance be exercised in examining the facts to prevent fraud and imposition; but if the circumstances of good faith and intelligence of the witnesses satisfy the judgment that the statute has been complied with, there is no rule of law to prevent admitting the will to probate, and this accords with the authorities in this State. (Lewis v. Lewis, 11 N.Y., 220; 24 id., 51; 27 id., 9; 25 id., 422; 10 Paige, 85.)
The principle is that a mere failure of memory on the part of the witnesses shall not defeat a will, if the attestation clause and other circumstances are satisfactory to prove its execution. It is insisted by the learned counsel for the contestants that this is not a case of want of memory, but of absence of facts. There is no evidence that the statute was not complied with, in respect to any one of the requisites. It is not disputed that the signatures of the witnesses and the testator are genuine. In addition to this, it is proved that the draftsman of the will was an experienced lawyer, accustomed to drawing wills and conversant with the provisions of the statute respecting their execution. He testified that he recollected that the testator *Page 520 
called on him to draw a will, and gave him instructions to prepare one containing the provisions which this does, and that he delivered the will to the testator, with the remark that it was "short and sweet," but that he has no recollection of its execution. He stated that he was in the habit of drawing wills; that he was careful always to have them executed according to the statute, and so confident was he of the due execution of the will, that he testified positively to all the required facts, basing his statement upon the attestation clause, the circumstances which he did recollect, and his uniform custom in transacting such business. The other witness was a clerk in the office of the draftsman, and engrossed the will and verified his own signature, but did not recollect anything about the execution. It is urged, that the affirmative recollection of Mr. Barker, as to what transpired when he was employed to prepare the will, and the inability of both witnesses to speak of the execution, tends to prove a want of proper execution. It must be borne in mind that eleven years had elapsed after the will was made, before the witnesses were called upon to speak; that Mr. Barker, the draftsman, had become advanced in years, and, I infer, was out of health, and that the clerk had entered into other business. From these facts, and the fact that the preparation and execution of wills was of common and almost daily occurrence in the office (the clerk testifying that he witnessed as many as fifty), it is not unnatural or improbable that these witnesses would forget the circumstances attending the execution of such a will, after so great a lapse of time. The instructions given to Mr. Barker, and the delivery of the paper to the testator, were circumstances peculiar to this case, and would be likely to be impressed on the memory, while the execution of the instrument, being a form common to all wills, might make no impression.
It appears also that Mr. Barker inserted the date after the will was engrossed and placed it in an envelope, indorsed, in his own handwriting, as the last will of the testator, and that the testator kept it, until his death, among his valuable *Page 521 
private papers. From all these facts and circumstances, the mind is irresistibly drawn to the conclusion, not as a mere probability, but as an established fact, that this will was duly executed. The most that can be said against it is that possibly there may have been some defect in its execution, although there is no evidence of any such defect, and all the circumstances tend to establish that there was none.
We think the will was properly admitted to probate.
The judgment should be affirmed.
All concur.
Judgment affirmed.