21   383
71   502

CARLOS A. RUGG, AND OTHERS, APPELLANTS, *v.* JONATHAN C. RUGG, AND OTHERS, RESPONDENTS.

*Will—the witnesses thereto should sign after the testator—one named therein as executor is a competent witness in behalf of the proponents—the validity of its execution may be established against the evidence of the witnesses thereto.*

The subscribing witnesses to a will should sign the same after it has been subscribed by the testator.

One named as an executor in a will is a competent witness in behalf of the proponents thereof, to establish the validity of its execution.

The due execution of a will may be established by other evidence, than or in opposition to the testimony of the subscribing witnesses.

APPEAL from a decree of the surrogate of Cattaraugus county, admitting to probate the last will and testament of Jonathan G. Rugg, deceased.

The only question brought up by the appellants related to the due execution of the will. The return of the surrogate contained "all the evidence taken in said matter in reference to the execution and publication of said will." The will bears date March 27, 1877. There was an attestation clause in the usual form. H. W. Hooker and W. R. Smallwood were the two subscribing witnesses. The executors named therein were Jonathan G. Rugg, Jr., and Lemuel S. Jenks.

*W. Woodbury*, for the appellants.

*Allen & Thrasher*, for the respondent. If the subscribing witnesses are unable to recollect the attestation, then the execution may be proved by other witnesses and from surrounding circumstances, including the written attestation. (4 Wend., 277; *Jauncey* v. *Thorne*, 2 Barb. Ch., 41; *Nelson* v. *McGiffert*, 3 Id., 158;

*Trustees of Auburn Seminary* v. *Calhoun*, 25 N. Y., 422, 425;
Willard on Executors, 109; *Thompson* v. *Leastedt*, 3 Hun, 395;
*Cornwell* v. *Wooley*, 43 How. Pr., 475; *Morris* v. *Porter*, 52 Id.,
1; *Thompson* v. *Stevens*, 62 N. Y., 634; *Orser* v. *Orser*, 24 Id.,
51; *Matter of will of John Kellam*, 52 Id., 517.) All the acts of
the *testator* going to make up the execution of the will were done
at the same time, and it is immaterial which act preceded the
others if no material act or thing were omitted. (*Doe* v. *Roe*, 2
Barb., 200; *Seguine* v. *Seguine*, 2 Id., 285; *Keeney* v. *Whit-
marsh*, 16 Id., 141; 54 Id., 275; *Jackson* v. *Jackson*, 39 N. Y.,
153.)

HARDIN, J.:

*Jackson* v. *Jackson* (39 N. Y., 153), is an authority for holding
that the witnesses who are to attest the subscription and publica-
tion of a will by a testator should sign the same *after* the subscrip-
tion by the testator. The declaration of the testator may be that
it is his last will, on the same occasion of the signing and wit-
nessing, and it is not essential that it immediately precede the sub-
scription.

We are called upon to review the evidence and from it deter-
mine whether there was a due execution of the will shown by it.
Both of the subscribing witnesses were called, and gave evidence
touching the circumstances of the execution of the will; and Jenks,
who was named as one of the executors, was also called as a witness
in behalf of the proponents, and gave evidence of the facts and
circumstances attending the execution of the will. His testi-
mony was objected to by the contestants. But the authorities re-
quire us to hold that he was a competent witness, and that his
testimony was properly received by the surrogate. (*McDonough* v.
*Loughlin*, 20 Barb., 239; *Children's Aid Society* v. *Loveridge*, 70
N. Y., 387; *Pruyn* v. *Brinkerhoff*, 7 Abb. Pr., N. S., 401.) We
must, in considering the question raised in respect to the due execu-
tion of the will, give effect and force to the evidence given by Jenks.
He was a man about sixty years of age, had been accustomed to
draw wills, and supervise their execution, and the evidence given
by him is to the effect that the essentials to a due execution were

all observed, and he is emphatic in his statements that the testator subscribed his name before the subscribing witnesses. It is settled, beyond doubt or discussion, that the due execution of a will may be established by other evidence than such as may be derived from the subscribing witnesses. Indeed, in opposition to the evidence of subscribing witnesses, wills have been established and admitted to probate. (*Trustees of Auburn Seminary* v. *Calhoun*, 25 N. Y., 425; and op. of DENIO, J., in *Tarrant* v. *Ware*, quoted in a note to the last case; *Jauncey* v. *Thorn*, 2 Barb. Ch., 40.)

But it is said that one of the subscribing witnesses in the case before us, stated that the testator did not sign until after the witnesses had subscribed their names. During the course of his examination he became somewhat in doubt as to the order of the signing, and he stated, viz.: "I thought first it was after, and it seems as if it was. I may be mistaken." The other witness in the course of his examination stated, viz.: "I am not positive who signed first; think Mr. Hooker did. Mr. Hooker first signed it, Mr. Jenks showing him where; he rose, I sat down and asked Mr. Jenks where I should sign." Then in answer to the question, viz.: "Do you recollect that Mr. Rugg had signed this before Mr. Jenks told you where to sign?" he said, "I do not recollect." . . . He is further asked, viz.: Ques. "Is it not your best recollection, that immediately after you signed, Mr. Jenks picked up the paper, folded it, and you and Mr. Hooker immediately passed out," and the witness answered: "I think it was." Ques. "Before that you had seen Mr. Rugg sign?" Ans. "Yes, sir, after the time it was folded Hooker and I passed out." He subsequently stated, "I do not remember that Rugg signed after us; I saw him sign." Thus we see that the two witnesses are not clear and positive in relating the order in which the events stated by Jenks in his evidence, took place. But we think their evidence, taken with his, gives rise to a very strong presumption, that after the testator had signed his name, the two witnesses became subscribing witnesses, by placing their names below the attestation clause. In *Gwilliam* v. *Gwilliam* (3 Swabey & T., 200), it was held that the court is at liberty to judge from the circumstances of the case, whether it was probable that the testator's name was on the will

or not, at the time of the attestation; and being of the opinion that it was, to pronounce for the will and its due execution. That was a case where two old ladies were the subscribing witnesses, and they testified they did not remember the testator's name being on at the time they became subscribing witnesses. S. C. CRESSWELL upheld the proofs and admitted the will to probate. The same principle is asserted in the *Matter of John Kellum's Will.* (52 N. Y., 517.) CHURCH, Ch. J., says: "The principle is that a mere failure of memory on the part of the witnesses shall not defeat a will, *if the attestation* clause and other circumstances are satisfactory to prove its execution." We have read all the evidence touching the execution of the will before us, and we cannot resist the conclusion that the testator's name was written by him to the will before the subscribing witnesses signed their names in his presence, and in the presence of each other, and the testator declared the instrument to be his last will and testament. Some questions were quite leading, but as the witnesses were not clear in recalling the events attending the execution of the will, we cannot say that the surrogate abused his discretion in allowing them, and therefore we must decline to interfere with the rulings made upon the hearing.

We do not pass upon the allowance made by the surrogate, as to costs to the contestants, as the executors have not appealed from the decree. (*Noyes* v. *Children's Aid Society*, 70 N. Y., 482.)

The surrogate's decree must be affirmed, with costs to the respondents, payable by the appellants personally.

TALCOTT, P. J., and SMITH, J., concurred.

Decree affirmed, with costs of the appeal to be paid to the respondents by the appellants personally.