he was prevented from doing anything by way of taking care of her before she was thrown or fell from the seat where he had temporarily placed her. He says that he put the child as far on the seat from the end as he could, intending to place her elsewhere in the car. The inference from the evidence was permitted that the misfortune was caused by the starting of the car suddenly, too quickly,—starting it before the father was able to get to his seat or to give any attention to the child; and, whether she tumbled off at that moment or a moment later, the inference was, nevertheless, permitted that the fall of the plaintiff and her injury resulted from such starting of the car without the care which the defendant under the circumstances was required to exercise for the safety of the plaintiff. Akersloot v. Railroad Co., 131 N. Y. 599, 30 N. E. 195; De Rozas v. Railroad Co., 13 App. Div. R. 296, 43 N. Y. Supp. 27. The view taken of the case is that the question arising on the charge of negligence of the defendant, as well as that of the contributory negligence of the plaintiff's father, was for the jury.

. The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.

---

(16 App. Div. 137.)

In re BRISSELL'S WILL.

(Supreme Court, Appellate Division, Second Department. April 26, 1897.)

WILLS—PROOF OF EXECUTION.
    A finding that a will dated 18 years before testator's death was duly executed is sustained by the evidence, where the attestation clause recites all the requirements of the statute, though one attesting witness was dead when the will was offered for probate, and the other did not remember the circumstances.

Appeal from surrogate's court, Kings county.

Proceeding for the probate of the will of Susan E. Brissell, deceased. The will was admitted to probate, and Adele Sweeny and Priscilla Jacox appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Edward C. Boardman, for appellants.
James W. Hyde, for respondent.

BRADLEY, J. The alleged will of the testatrix bears date December 21, 1878, having, as the subscribing witnesses, L. P. Nostrand and R. A. Adams. Her alleged codicil, having the same subscribing witnesses, bears date May 4, 1880. The only question is whether or not the evidence warranted the conclusion that the will and codicil were duly executed. The subscribing witness Robert A. Adams died about eight years prior to the death of the testatrix. His signature was proved. The recollection of Lewis P. Nostrand, the other subscribing witness, was quite vague of the transaction of the execution of the will. He verifies his signature, and adds that he knew and was quite intimate with the testatrix;

that she was of sound mind; that she requested him to sign as witness, but that he does not recollect the circumstances attending the execution of the will, and does not recollect seeing her sign either the will or codicil; that he would not sign an instrument without knowing what he was signing; and, having stated that he did not recollect that anything was read to him, was asked, "When you stated that nothing was read to you, you meant that you cannot remember whether anything was read or not?" and answered, "Nothing further than the evidence that it was her last will, and I signed it on that request. That is all. The contents I know nothing of." The signature of the testatrix to both instruments was proved; and, by the evidence of the person named as executrix in the codicil, it appears that the deceased told her about the will after it was made, and in a conversation about the codicil asked her to act as executrix. This constitutes substantially the evidence, outside of the instruments themselves, relating to their execution. It seems that Robert A. Adams was a lawyer, and, as he was a subscribing witness to both instruments, it is reasonable to suppose that they were executed under his supervision. At the time of the hearing, the witness Nostrand was 73 years of age, and 16 and 18 years had elapsed since the time of the execution of the will and codicil; and it is evident that his failure to state the circumstances relating to their execution was caused solely by his want of recollection. By reference to the attestation clauses, it is seen that they respectively express all the elements requisite to be observed in the execution of a will; and therefore we think the conclusion of the surrogate, that the will was duly executed, was warranted.

On that subject the statute expresses the result of prior adjudications in the provision that if a subscribing witness whose testimony is required is dead, or if such a subscribing witness has forgotten the occurrence, or testifies against the execution of the will, the will may, nevertheless, be established upon proof of the handwriting of the testator and of the subscribing witnesses, and also of such other circumstances as would be sufficient to prove the will upon the trial of an action. Code Civ. Proc. § 2620. No countervailing or suspicious circumstances whatever appear, nor is there any evidence that anything essential to the due execution of the will was omitted. The failure to make the transaction fully to appear by the evidence of the subscribing witnesses arises solely from the death of one of them, and the want of recollection of the other. In such case much effect may be given to the attestation clause of a will, and especially so when, as in the present case, it purports to make the subscribing witnesses say that all the essentials to the proper execution of the will were observed. This, with the fact that the will in question was executed by the testatrix, and the attestation clause subscribed by the witnesses, fairly permitted the presumption that the provisions of the statute were complied with, although the surviving witness to the will was unable to recollect what took place at the time of the execution. In re Kellum's Will, 52 N. Y. 517; Brown v. Clark, 77 N. Y. 369;

In re Pepoon, 91 N. Y. 255; In re Cottrell's Will, 95 N. Y. 329; In re Hesdra's Will, 119 N. Y. 615, 23 N. E. 555.

It is true, as suggested by the learned counsel for the contestants, that it does not appear by the evidence of Nostrand that he saw Adams sign the attestation clause in the presence of the testatrix, nor does it appear by his evidence that he did not see him sign it in her presence. The following is his evidence in that respect:

"Q. Who was the other subscribing witness? A. I cannot remember. Q. Do you recollect the fact that there was another subscribing witness? A. I should think there was. Q. Can you recollect whether the other subscribing witness signed the paper at or about the same time? A. No further recollection than that my signature is there, and the request that I should sign her last will."

Nor does it appear by any oral evidence that Adams was acquainted with the testatrix. But that he did sign the attestation clause does appear by the proof of his signature. This, in view of the fact of his death and of the attestation clause, was, within the meaning of the statutory provisions before referred to, sufficient prima facie to effectually give to him the relation of subscribing witness, and to support the inference that he became such in a manner requisite to that relation for the purpose of the due execution of the will.

The cases cited by the counsel for the contestants do not seem to be applicable to the state of facts by which the presumption in the present case is deemed supported. In Woolley v. Woolley, 95 N. Y. 231, it was held that the attestation clause was not effectual to raise the presumption of the formal and due execution of the will against the positive evidence to the contrary. In that case there did not seem to have been a failure in memory of the subscribing witnesses. Their evidence was to the effect that they did not see the deceased sign the will, and that she did not acknowledge to them that she had signed it. In Lewis v. Lewis, 11 N. Y. 220, the question presented was substantially the same, with a like result; and the same may be said of Mitchell v. Mitchell, 16 Hun, 97, 77 N. Y. 596, and In re Van Geison's Will, 47 Hun, 5.

The conclusion follows that the decree of the surrogate's court should be affirmed. All concur.