OPINION OF THE COURT
Kaye, J.
A will may be admitted to probate notwithstanding the failed or imperfect memory of both attesting witnesses.
Bertha A. Collins died on June 4, 1981 leaving as her sole distributees respondents, Richard and Robert Hoffman, her nephews. The Hoffmans offered a 1951 will for probate, under which Mrs. Collins left her entire estate to her husband, who had predeceased her. Appellant, William Mayne, objected and offered a will dated January 17,1977, in which Mrs. Collins left $1,000 to each of her nephews, $100 to her sister-in-law, and the remainder to appellant, her “friend and advisor.” The will contained a printed form attestation clause,[1] beneath which appeared the signatures of two witnesses, Mary Pedaci and Richard H. Skellen.
On September 11, 1981, at respondents’ request, a preliminary examination of witnesses was held before Surrogate Aldo L. Di Florio. Appellant produced five witnesses: the two attesting witnesses, a physician, and two persons supporting the authenticity of Mrs. Collins’ signature on the will. Mary Pedaci testified that, in January, 1977, she was the assistant manager of the Ransomville branch of Marine Midland Bank. Shown the 1977 will, she identified both her signature and that of Richard Skellen, but had no recollection of the circumstances surrounding the execution of the will. Richard Skellen, the branch manager, testified that he recalled signing his name to the docu *469 ment, that both of the attesting witnesses “were right there,” and that he had in his mind “an older lady.” Skellen, who had witnessed a number of wills previously, further recalled that he had read the heading on the instrument, “Will and Testament.” Otherwise he had no recollection of the event.
Dr. Clark Triftshauser, decedent’s physician, testified that on January 17, 1977 he examined Mrs. Collins to determine her mental and physical condition because she told him she intended to make a will that day, and he found her condition good. Edith Stanish, a legal secretary and notary who had witnessed Mrs. Collins’ signature in 1976, testified that her signature on the 1977 will was genuine, and Dorothy Eadie, a document examiner, rendered her expert opinion that the signature on the will was genuine.
Respondents moved to dismiss appellant’s petition to probate the 1977 will on the ground that he had not presented prima facie proof of due execution. The court denied the motion, holding that the formalities of due execution can be established despite the imperfect memory of both attesting witnesses. Relying on the attestation clause, the genuineness of the three signatures, and the testimony of the physician, the court found that the 1977 will had been duly executed. The Appellate Division reversed and dismissed appellant’s petition, holding that SCPA 1405 (subd 3) requires that at least one of the attesting witnesses confirm that the testatrix signed the instrument and intended it to be her will.
This appeal focuses on the import of SCPA 1405 (subd 3), which came into being September 1, 1967, with the adoption of the SCPA. The section provides: “Where an attesting witness has forgotten the occurrence or testifies against the execution of the will and at least 1 other attesting witness has been examined the will may be admitted to probate upon the testimony of the other witness or witnesses and such other facts as would be sufficient to prove the will.” The issue of first impression which is presented is whether, given SCPA 1405 (subd 3), a will may be admitted to probate where both attesting witnesses do not recollect the events surrounding execution of the will but the court is otherwise satisfied from all of the *470 evidence that the will was properly executed. We conclude that the Legislature by this section did not intend the radical departure from prior statutory and decisional law urged upon us by respondents, and that a will may be admitted to probate even if both attesting witnesses cannot recall the will execution.
Neither SCPA 1405 nor its predecessor, section 142 of the Surrogate’s Court Act, directly addresses a situation where both attesting witnesses forget the details of the will execution.[2] Section 142 of the Surrogate’s Court Act contained two paragraphs, each of which permitted the court to dispense with the fundamental statutory requirement that at least two of the attesting witnesses be examined. The first paragraph allowed the court to admit a will to probate on the testimony of one witness where the other witness was dead, incompetent, physically or mentally disabled, or absent from the State,, and provided for the taking of an out-of-State witness’s testimony by commission. The second paragraph provided: “If all the subscribing witnesses to a written will be dead, or incompetent, by reason of lunacy or otherwise, to testify, or unable to testify, or are absent from the state and their testimony has been dispensed with as provided in this section, or if a subscribing witness has forgotten the occurrence, or testifies against the execution of the will, or was not present with the other witness at the execution of the will; the will may nevertheless be established, upon proof of the handwriting of the testator, and of the subscribing witnesses, and also of such other circumstances as would be sufficient to prove the will upon the trial of an action.”
For more than a century, the courts have consistently interpreted section 142 of the Surrogate’s Court Act and its forbears to permit probate even where the attesting witnesses did not recall the event or testified against the will. *471 “If the attestation clause is full and the signatures genuine and the circumstances corroborative of due execution, and no evidence disproving a compliance in any particular, the presumption may be lawfully indulged that all the provisions of the statute were complied with, although the witnesses are unable to recollect the execution or what took place at the time.” (Matter of Kellum, 52 NY 517, 519; see, also, Matter of Katz, 277 NY 470; Matter of Sizer, 129 App Div 7, affd 195 NY 528; Matter of Cottrell, 95 NY 329, 333 [“execution of a will might be established by competent evidence, even against the positive testimony of the subscribing witnesses thereto”]; Matter of Pepoon, 91 NY 255, 259; Rugg v Rugg, 83 NY 592; Brown v Clark, 77 NY 369, 372; Trustees of Theol. Seminary v Calhoun, 25 NY 422; Orser v Orser, 24 NY 51, 52 [will may be admitted to probate “although none of the subscribing witnesses are able to swear, from recollection, that the formalities required by the statute were complied with”]; Lewis v Lewis, 11 NY 220, 224.) The purpose was to avoid the injustice otherwise resulting when witnesses honestly forgot the event or testified falsely, and there was otherwise sufficient proof to establish the will. (2A Warren’s Heaton, Surrogates’ Courts, § 177, par l[a].)
While the formalities of due execution did not have to be proved by the testimony of the attesting witnesses, witnesses were not excused from testifying because of failed memory or testimony against the will. Unless the testimony was otherwise dispensed with by statute, attesting witnesses still had to be “examined,” but a will could be admitted to probate even if, upon that examination, the witness had no recollection of the formalities of the execution, or testified against the will.[3]
Respondents suggest that, in enacting SCPA 1405, the Legislature intended a major change. They argue that where both of the attesting witnesses are available to testify, at least one of them now must give testimony *472 supporting due execution of the will or it cannot be admitted to probate. By this interpretation, a will could be defeated, however abundant the remaining proof, if both witnesses honestly forgot the occurrence or dishonestly testified that their memories failed. We do not believe that by the unheralded amendment to section 142. of the Surrogate’s Court Act the Legislature intended to sweep away the formidable body of law that preceded it.
Significantly, in all other respects the changes in section 142 of the Surrogate’s Court Act wrought by SCPA 1405 were minor and clarifying. The new SCPA 1405 divides the two paragraphs of section 142 into four subdivisions. The first two subdivisions of SCPA 1405 make no change in the substance of the first paragraph of section 142, and the fourth subdivision adopts provisions contained in the second paragraph of the former statute. We reject respondents’ contention that, without comment to this effect, the Legislature in the third subdivision of SCPA 1405 revolutionized prior practice. We believe that, consistent with the balance of the section, in subdivision 3 the Legislature also made only a clarifying amendment.
Under section 142 of the Surrogate’s Court Act, a will could be established upon proof of handwriting and other circumstances “if a subscribing witness has forgotten the occurrence, or testifies against the execution of the will”. Read literally, if one attesting witness forgot the occurrence, the statute dispensed with the necessity for examining any other attesting witness. By its revision in subdivision 3 the Legislature has made clear that the testimony of attesting witnesses may not be dispensed with merely because of the lapsed memory of one witness. Even where one attesting witness cannot recall the circumstances of execution, still at least one other attesting witness must be examined (see SCPA 1404, subd 1), and all relevant testimony elicited. The will may then be admitted to probate if the proof is sufficient to establish the will.
This interpretation is supported by the sparse legislative history. In its Memorandum to Members of the New York State Legislature, the Temporary Commission on Estates explained the amendment to section 142 with the following cursory comment: “The language of the provision permit *473 ting the court to dispense with the testimony of an attesting witness has been clarified” (McKinney’s Session Laws of NY, 1966, p 2773). In its final report, the commission noted: “The second paragraph §142 has been amended. It presently provides that where an attesting witness ‘has forgotten the occurrence or testifies against the execution of the will or was not present with the. other attesting witness at the execution of the will’, the will may be admitted to probate upon proof of handwriting and certain other circumstances. The section has been amended to require the testimony of the remaining attesting witness or witnesses and such other facts as would be sufficient to prove the will.” (Fifth Report of Temporary Comm on Estates, Legis Doc No. 19, 1966, Appendix M, p 1092; see, also, 2A Warren’s Heaton, Surrogates’ Courts, § 177, par 4[c], pp 31-45; and 1 Harris, NY Estates Prac Guide [3d ed], § 254, pp 482-483, both commentators so reading the amendment and concluding that a will can be probated despite the lapsed memory of both attesting witnesses.)
To be sure, the testimony of the attesting witnesses is entitled to great weight (Orser v Orser, 24 NY 51, 52, supra). Their failure to recollect the event may be significant in determining whether the formalities of execution were followed (Woolley v Woolley, 95 NY 231). A failure of their recollection intensifies the care and vigilance that must be exercised in examining the remaining evidence. (Matter of Kellum, 52 NY 517, 519, supra.)
Here, given the evidence, we cannot say that the Surrogate erred as a matter of law in admitting the will to probate. Accordingly, the order of the Appellate Division should be reversed and the case remitted to that court for a determination of whether the evidence is sufficient to prove the will.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Meyer concur; Judge Simons taking no part.
Order reversed, with separate bills of costs payable out of the estate to all parties appearing separately and filing separate briefs, and matter remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the opinion herein.

. The attestation clause provided: “We, whose names are hereto subscribed, Do Certify that on the 17th day of January 1977 the testatrix above named, subscribed her name to this instrument in our presence and in the presence of each of us, and at the same time, in our presence and hearing, declared the same to be her last Will and Testament, and requested us, and each of us, to sign our names thereto as witnesses to the execution thereof, which we hereby do in the presence of the testatrix and of each other, on the day of the date of the said Will, and write opposite our names our respective places of residence.”

. Section 142 in relevant part, traces back to section 2620 of the Code of Civil Procedure, which similarly did not mention the situation where all the attesting witnesses suffer a lapsed memory. Like section 142, section 2620 permitted a will to be probated despite or against the testimony of one attesting witness upon proof of handwriting and circumstances sufficient to prove the will. The Revised Statutes that preceded the code contained no provision regarding the lapsed memory of attesting witnesses, but permitted other proof to establish the will where one or more subscribing witness was unavailable. (See 2 Rev Stat of NY [1st ed, 1836], part II, ch VI, tit I, §§ 13, 16.)

. While the statutes spoke of the need to “examine” attesting witnesses, there was no definition of what constitutes the requisite examination. Since a will might be admitted to probate even if the attesting witness had no recollection of the execution or testified against the will, it is apparent that the requirement was fulfilled when the witnesses took the stand and related what they knew of the circumstances. (Cf. Matter of Huber, 181 App Div 635.)