■ In the Matter of the Estate of BERTHA A. COLLINS, Deceased. — Order unanimously affirmed, without costs. Memorandum: On remittitur from the Court of Appeals (*Matter of Collins,* 60 NY2d 466), we agree with the Surrogate that there was sufficient evidence to prove due execution of the testatrix' will. While the order appealed from does not recite explicit findings to this effect, such a conclusion is implicit in the order which denied respondents' motion to dismiss the petition for probate, made at the conclusion of the hearing to determine due execution. ¶ We only note that contrary to the Court of Appeals opinion, the Surrogate has not as yet admitted the will to probate. The order appealed from afforded respondents the opportunity to file objections to the purported will, a determination with which we also agree. (Resubmission of appeals from order of Niagara County Surrogate's Court, DiFlorio, S. — will probate.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ JOHN GAZDA, on Behalf of Himself and All Other Shareholders of T.J.'s BIG BOY, INC., and in the Right of T.J.'s BIG BOY, INC., Appellant, v ANTHONY T. KOLINSKI et al., Respondents. JOHN GAZDA, Individually and as a Shareholder of T.J.'s BIG BOY, INC., Appellant, v ANTHONY T. KOLINSKI et al., Individually and as Corporate Officers and Directors of T.J.'s Big Boy, Inc., et al., Respondents. — Order and judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: We agree that the trial court's order compelling the individual defendants to transfer their shares of G & K Big Boy, Inc. (G&K) to T.J.'s Big Boy, Inc. (TJ's) constituted full and fair compensation to TJ's. This relief, a transfer of shares, was originally requested by plaintiff, later agreed to by the individual defendants and is provided for in the second decretal paragraph of the court's order. ¶ In its written decision, however, the court referred to defendants' proposed restitution as a merger and did not mention a transfer of shares. Since the first decretal paragraph approved defendants' accounting "together with their proposed restitution" and the second decretal paragraph ordered the individual defendants to transfer their shares of G&K to TJ's it becomes unclear, because of the court's use in its written decision of the term merger and its omission of any reference to a transfer of shares, what it meant by the words "together with their proposed restitution" in the first decretal paragraph. Accordingly the first decretal paragraph of the court's order is modified by striking: "together with their proposed restitution". The second decretal paragraph adequately provides for a transfer of the individual defendants' G&K stock to TJ's. We have examined plaintiff's other contentions and find them without merit. (Appeal from order and judgment of Supreme Court, Onondaga County, Shea, J. — corporate accounting.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.