■ In the Matter of the Estate of ALEXANDER YENEI, Deceased. ESTELLA ALVORD, Respondent; IRENE BALDESWEILER et al., Appellants.—Mikoll, J. Appeal from an order of the Surrogate's Court of Tompkins County (Barrett, S.), entered May 9, 1986, which admitted to probate an instrument purporting to be the last will and testament of decedent.

Respondents contend that the document offered for probate as the last will and testament of decedent was improperly admitted to probate in that decedent failed to declare to each of the attesting witnesses that the instrument to which he was affixing his signature was his last will and testament (EPTL 3-2.1 [a] [3]). The determination of Surrogate's Court must be sustained. The record contains sufficient evidence of publication of the will by decedent. The witnesses to the will attested to decedent's declaration of the instrument as his will. The testifying witness had typed the will and gave it to decedent to read and review when he came to her employer's office to sign it. She was then asked to witness the will and decedent declared that she was acceptable as a witness for this purpose.

The attestation clause raised the presumption of due execution. The other circumstances attendant on its signing are also indicative of its due execution (see, Matter of Collins, 60 NY2d 466, 471).

Order affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.