◼ In the Matter of the Estate of HOWARD W. FISCHER, Deceased. ROSE MARIE FISCHER, Appellant. [804 NYS2d 863]—

Mugglin, J. Appeal from an order of the Surrogate's Court of Washington County (Berke, S.), entered March 7, 2005, which denied petitioner's application to have letters of administration of the estate of Howard W. Fischer issued to her.

Howard W. Fischer (hereinafter decedent) died in August 1993 leaving what purports to be a last will and testament which he executed in 1976. As relevant herein, he gave, devised and

bequeathed his entire estate to petitioner, his surviving spouse, "absolutely, with the knowledge that she will provide for our children." Petitioner was also nominated as executor by the terms of the will. Having never offered the will for probate, petitioner applied, on January 6, 2005, for letters of administration pursuant to SCPA 1001 (9). Decedent's will was attached to the petition for information purposes only. Decedent's and petitioner's two sons, the only other distributees of decedent, executed and filed consents to the letters of administration being issued to their mother. Surrogate's Court, finding that a useful purpose would be served in probating the will, denied the petition and this appeal ensued.

SCPA 1001 is entitled "Order of priority for granting letters of administration," and subdivision (9) of that statute provides: "Letters of Administration may be granted by the court in any case in which a paper writing purporting to be a will has been filed in the court and proceedings for its probate have not been instituted within a reasonable time or have not been diligently prosecuted." Subdivision (9) was added as part of the general revision of the SCPA in 1966 (L 1966, ch 953, as amended). According to the revisors' notes, "Subdivision 9 is new and codifies [*Matter of Cameron* (47 App Div 120 [1900], *affd* 166 NY 610 [1901])], and other cases holding that letters of administration may issue, even though a will be on file, if proceedings for its probate are not instituted or diligently prosecuted" (Revisors' Notes, reprinted following SCPA 1001, McKinney's Cons Laws of NY, Book 58A, at 10). A careful reading of *Cameron* reveals that although the will was admitted to probate in Illinois, Warren County Surrogate's Court was not convinced of the genuineness of the alleged will or codicil and, therefore, difficulty in having the will admitted to probate was encountered.

New York County Surrogate's Court, in five separate estate proceedings all reported in *Matter of Von Ripper* (95 Misc 2d 952 [1978]), considered applications for letters of administration under this statute. One of the cases involved a petition by the public administrator where the sole surviving beneficiary under the will was a person under disability and is not germane to this discussion. Three of the cases involved estates where the legatees and distributees were the same persons and would share equally under either probate or administration. The other case, *Matter of Iacono* (95 Misc 2d 952 [1978]), is the sole case where distribution in intestacy differed from distribution under the will. The court granted letters of administration "where all of the legatees are competent adults and either consent, appear but do not object, or default, where the court is satisfied that no

useful purpose would be served by requiring a probate proceeding" (*id.* at 957).

It does not appear that any appellate court has directly addressed this issue. Our analysis of the statute leads to the conclusion that it is discretionary with Surrogate's Court whether to issue letters of administration, as the Legislature provided that Surrogate's Court may grant them in cases such as the present where probate has not been instituted within a reasonable time. Thus, the issue distills to whether Surrogate's Court abused its discretion by refusing to grant the instant petition for letters of administration.

We do not so find. It is obvious that the testator's intent was to leave his entire estate to his surviving spouse and the useful purpose of insuring that his testamentary bequest is honored is served by the probate of the will and in no other way. While we are not unsympathetic to petitioner's argument that hundreds of thousands of dollars in estate taxes will be saved in her estate by permitting the parties to proceed in administration, rather than probate, we do not believe that petitioner should be permitted to engage in post-death estate tax planning in decedent's estate nor that her delay in offering the will for probate should be a basis for obtaining tax relief.

Rose, Lahtinen and Kane, JJ., concur; Cardona, P.J., not taking part. Ordered that the order is affirmed, without costs.