■ In the Matter of the Estate of SYLVIA SHAPIRO, Deceased. SHELDON SHAPIRO, as Executor of SYLVIA SHAPIRO, Deceased, Respondent; GAIL SHAPIRO BASS, Appellant. [883 NYS2d 817]—

Lahtinen, J. Appeal from an order of the Surrogate's Court of Sullivan County (Ledina, S.), entered February 18, 2009, which denied respondent's motion for summary judgment dismissing the petition.

Decedent died in April 2008 and petitioner, her son, propounded for probate a 1994 will in which he was named as executor. Her only other child, respondent, a daughter who received nothing under the 1994 will, filed numerous objections to the will including, as relevant on this appeal, that the will was not duly executed. The will had been signed by decedent, contained a standard attestation clause setting forth the formalities of a will ceremony and had been witnessed by three individuals, one of whom predeceased decedent. After taking depositions upon oral questions of the two surviving witnesses, respondent moved for summary judgment dismissing the probate petition upon the ground that the will had not been duly executed. Surrogate's Court denied the motion and respondent now appeals.

We affirm. "Summary judgment is rare in a contested probate proceeding" (*Matter of Paigo*, 53 AD3d 836, 838 [2008] [citations omitted]). " 'If the attestation clause is full and the signatures genuine and the circumstances corroborative of due execution, and no evidence disproving a compliance in any particular, the presumption may be lawfully indulged that all the provisions of the statute were complied with, although the witnesses are unable to recollect the execution or what took place at the time' " (*Matter of Collins*, 60 NY2d 466, 471 [1983], quoting *Matter of Kellum*, 52 NY 517, 519 [1873] [citations omitted]). Thus, even where the memory of both attesting witnesses is failed or imperfect, a will nevertheless may be admitted to probate (*see Matter of Collins*, 60 NY2d at 468).

Here, both the surviving witnesses acknowledged the authenticity of their signatures under the attestation clause. One witness otherwise had little recollection of the germane events from 14 years earlier. The other witness executed an affidavit of attestation in August 2008, but then later indicated that he thought he may have only read the paragraph in the affidavit which stated that he had signed his name to the will. Aspects of this witness's testimony at his deposition upon oral questions, viewed in selected isolation, tend to support respondent's assertion that the will was not duly executed. However, when read in its entirety, the testimony is equivocal on key issues and fraught with ambiguity. In many instances, the elderly witness appears either confused or evasive, and he repeatedly characterized his recollection as vague. This is hardly the type of testimony upon which summary judgment dismissing a probate petition can rest (*cf. Matter of Cottrell*, 95 NY 329, 333 [1884] ["execution of a will might be established by competent evidence, even against the positive testimony of the subscribing witnesses thereto"]). Moreover, the fact that there are conflicts on material issues between the witness's affidavit and his deposition testimony create a credibility question that precludes using his testimony alone to establish as a matter of law that the will was not duly executed (*cf. Matter of Hutchinson*, 13 AD3d 704, 706-707 [2004]). We agree with Surrogate's Court that respondent failed to make a prima facie case in support of her motion. The remaining issues are academic.

Peters, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.