■ In the Matter of the Estate of LENA A. GREENE, Deceased. KEVIN GREENE et al., Respondents; Keith B. Greene, Appellant. [932 NYS2d 544]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the decree (see CPLR 5501 [a] [1]).

The decedent, Lena A. Greene, died on August 16, 2009, survived by three children as her distributees. On November 1, 2008, the decedent allegedly executed a will naming two of her children, Kevin Green and Karen Hinton, the petitioners herein (hereinafter together the petitioners), as coexecutors, and executed a living trust, naming the petitioners as cotrustees. Neither the will nor the living trust indicated who drafted the documents, or who, if anyone, supervised the will execution. The will was witnessed by three people in the presence of a notary public. The will disposed of all of the decedent's assets by pouring them into the living trust, which distributed all of her personal and real property to various individuals, including her children, albeit in unequal shares.

The petitioners, as coexecutors of the estate, offered the will for probate. The decedent's son Keith B. Greene (hereinafter the objectant), who was to receive significantly less than his siblings, the petitioners, filed objections to probate based on, inter alia, lack of due execution. Following discovery, the petitioners moved for summary judgment dismissing the objections to probate. The Surrogate's Court, among other things, granted the motion, dismissed the objection based on lack of due execution, and admitted the will to probate.

The granting of summary judgment relief in a contested

probate proceeding is rare (*see Matter of Grubert,* 139 AD2d 741 [1988]; *Matter of Shapiro,* 65 AD3d 790 [2009]; *Matter of Paigo,* 53 AD3d 836 [2008]). The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements (*see* EPTL 3-2.1; *Matter of Collins,* 60 NY2d 466 [1983]; *Matter of Rosen,* 291 AD2d 562 [2002]).

Here, the record does not indicate that the will execution was supervised by an attorney, or even that an attorney drafted the will. Accordingly, the "presumption of regularity" (*Matter of Tuccio,* 38 AD3d 791, 791 [2007]) that accompanies such supervision is not present in the instant matter. However, a presumption of compliance with the statutory requirements also arises where a propounded will contains an executed attestation clause and a self-proving affidavit (*see Matter of Farrell,* 84 AD3d 1374 [2011]; *Matter of Mooney,* 74 AD3d 1073 [2010]; *Matter of Malan,* 56 AD3d 479 [2008]). Here, the propounded will contains an executed attestation clause and self-providing affidavit. Accordingly, the petitioners established their prima facie entitlement to judgment as a matter of law dismissing the objection based on lack of due execution by demonstrating that the subject will was duly executed pursuant to EPTL 3-2.1.

However, in opposition, the objectant raised triable issues of fact precluding an award of summary judgment with respect to that objection. The objectant submitted uncontroverted medical and documentary evidence concerning the decedent's physical inability to execute documents before and following the date the decedent allegedly executed the will. The submission of this evidence, without objection or comment, as well as evidence supporting the objectant's claim that the decedent's signature was a forgery, raised issues that must be resolved by the trier of fact (*see generally Matter of Berk,* 71 AD3d 883 [2010]; *Matter of Flynn,* 71 AD2d 891 [1979]; *Matter of Della Rocca,* 59 AD2d 891 [1977]). Accordingly, the Surrogate's Court should have denied that branch of the petitioners' motion which was for summary judgment dismissing the objection based on lack of due execution. Florio, J.P., Hall, Austin and Cohen, JJ., concur.