■ In the Matter of the Estate of Sylvia Shapiro, Deceased. Sheldon Shapiro, Respondent; Gail Bass, Appellant. [954 NYS2d 656]—

Lahtinen, J. Appeal from an order of the Surrogate's Court of Sullivan County (McGuire, S.), entered January 10, 2012, which, among other things, denied respondent's motion to dismiss the probate petition.

Decedent's two children have been involved in extensive litigation over her reportedly modest estate since her death in April 2008. A document purporting to be her 1994 will was propounded for probate in August 2008 by petitioner, her son, who was named executor and sole beneficiary. Respondent, decedent's daughter, who allegedly had been estranged from decedent for many years and received nothing under the will, filed objections, moved to dismiss the probate petition and filed a petition seeking letters of administration. In November 2010, after various proceedings, including an earlier appeal to this Court (*Matter of Shapiro*, 65 AD3d 790 [2009]), Surrogate's Court (Ledina, S.) granted respondent's motion to dismiss the probate petition because the will propounded by petitioner was determined to be a copy rather than the original.

In early January 2011, petitioner cross-petitioned to be appointed administrator of decedent's estate. Later that same month, petitioner's then-attorney, Eric Groper, purportedly discovered the original 1994 will among papers previously provided by petitioner. The original will was filed with Surrogate's Court, but not offered for probate. At a conference on the pending petitions for letters of administration, Groper stated that petitioner had decided not to offer the recently discovered original will for probate and to, instead, proceed under the pending petitions for letters of administration. In June 2011, Surrogate's Court (McGuire, S.) appointed respondent as administrator. Petitioner retained new counsel and, in August 2011, he filed a second probate petition in which he sought to propound the recently discovered original will. Respondent moved to dismiss the probate petition. Surrogate's Court denied respondent's motion and she now appeals.

We affirm. Determinations about objections and whether to admit a will to probate are generally "within the sound discretion of Surrogate's Court, and the court's decision will be upheld absent a showing of an abuse of discretion" (*Matter of Colverd*, 52 AD3d 971, 972 [2008]; *see Matter of American Comm. for Weizmann Inst. of Science v Dunn*, 10 NY3d 82, 98 [2008]). Moreover, the primary objective when there is a duly

executed will is to ensure that the testator's intent is honored (*see Matter of Fischer*, 24 AD3d 858, 860 [2005]; SCPA 1408 [2]; 41 NY Jur 2d, Decedent's Estates § 1627). Although stipulations made by counsel are not lightly disregarded, petitioner acted expeditiously and asserted that Groper did not represent his interest since he had a conflict of interest when he made the statement regarding petitioner's intentions (*see Matter of Graham*, 238 AD2d 682, 684-685 [1997]). Moreover, as noted by Surrogate's Court, it was merely denying the motion to dismiss the probate petition, and objections could still be filed to the will. In light of all the circumstances and given the overriding objective to honor a testator's intent, we are unpersuaded that Surrogate's Court abused its discretion. The remaining arguments have been considered and are unavailing.

Mercure, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.