*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                 517659
_____

In the Matter of the Estate of
    SYLVIA SHAPIRO, Deceased.

SHELDON SHAPIRO, as Executor
    of the Estate of SYLVIA                MEMORANDUM AND ORDER
    SHAPIRO, Deceased,
                        Respondent;

GAIL BASS,
                        Appellant.
_____


Calendar Date:   September 5, 2014

Before:  Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____


        Drew Davidoff & Edwards, LLP, Monticello (Brian T. Edwards
of counsel), for appellant.

        Jacobowitz & Gubits, LLP, Walden (Peter R. Eriksen of
counsel), for respondent.

_____


Lynch, J.

        Appeal from a decree of the Surrogate's Court of Sullivan
County (McGuire, S.), entered December 21, 2012, which, among
other things, admitted to probate an instrument purporting to be
the last will and testament of decedent.

        This will dispute has been before this Court on two prior
occasions (Matter of Shapiro, 100 AD3d 1242 [2012]; Matter of
Shapiro, 65 AD3d 790 [2009]).  In January 2012, petitioner,
decedent's son, filed an amended petition seeking to probate a
1994 will naming him as executor and sole residuary beneficiary.

Respondent, decedent's daughter, filed objections contending that the will was not duly executed (see EPTL 3-2.1). Following a trial, a jury returned a verdict that the will was duly executed, and Surrogate's Court granted letters testamentary to petitioner. Respondent has appealed, raising two challenges to the court's instructions to the jury.

First, respondent asserts that Surrogate's Court erred in instructing the jury that it could presume the will was duly executed if it found that the witnesses signed their names after the attestation clause. Since neither of the two witnesses who testified could recall the specific circumstances of the will execution ceremony, and no self-attesting affidavits were submitted, respondent maintains that the charge was unwarranted. We disagree. As we previously observed, "[i]f the attestation clause is full and the signatures genuine and the circumstances corroborative of due execution, and no evidence disproving a compliance in any particular, the presumption may be lawfully indulged that all the provisions of the statute were complied with, although the witnesses are unable to recollect the execution of what took place at the time" (Matter of Shapiro, 65 AD3d at 791 [internal quotation marks and citations omitted]). The attestation clause here states that decedent signed the will in the presence of the attesting witness, declared the document to be her last will and testament, and the witnesses signed the clause at decedent's request and in her presence, in accord with the statutory criteria (see EPTL 3-2.1). Moreover, both attesting witnesses confirmed that they were present during the ceremony, that they signed the attestation clause and that decedent appeared of sound mind. One witness testified that he observed decedent sign the will, while the other witness, who was a notary public, testified that she would not have served as a witness unless decedent signed the will in her presence. In this context, Surrogate's Court properly charged the jury regarding the presumption of due execution of the will (compare Matter of Collins, 60 NY2d 466, 471 [1983]; Matter of Ruso, 212 AD2d 846, 847 [1995]). Respondent's contention this Court's decision in Matter of Clapper (279 AD2d 730 [2001]) compels a contrary finding is not persuasive. In Clapper, we recognized that a self-executing affidavit "creates a presumption that the will was duly executed and constitutes prima facie evidence of the facts

therein attested to by the witnesses" (id. at 731). That being said, the absence of a self-executing affidavit does not prevent the presumption from arising, where, as here, the attestation clause is complete and the circumstances corroborate due execution (see Matter of Collins, 60 NY2d at 471).

Next, respondent maintains that Surrogate's Court erred in instructing the jury that a presumption arises that a will has been properly executed where the execution was supervised by an attorney who drafted the document (see Matter of Buchting, 111 AD3d 1114, 1115-1116 [2013]; Matter of Scaccia, 66 AD3d 1247, 1250-1251 [2009]; Matter of Pilon, 9 AD3d 771, 772 [2004]; Matter of Leach, 3 AD3d 763, 764 [2004]; PJI 7:45.2). This issue centers on whether the individual who purportedly drafted the will and was present at the ceremony, Edward Cahmi, was in fact an attorney. There is no dispute that Cahmi was present at the ceremony. One attesting witness testified that she knew Cahmi to be an attorney based on his representations to her. The other witness knew Cahmi to be an attorney from the Village of Dobbs Ferry, Westchester County. Petitioner's wife also testified that she knew Cahmi was an attorney. While this testimony was hearsay, as there was no objection, the jury was free to consider it (see Matter of MacDonald, 40 NY2d 995, 996 [1976]; Matter of Findlay, 253 NY 1, 11 [1930]). Moreover, there was testimony that Cahmi prepared a will for both petitioner and his wife and that petitioner's will was signed after decedent's will was completed. This testimony supports the charge, which clearly emphasized that the presumption applied only if the jury determined that Cahmi was a qualified attorney who supervised the execution of the will. As such, we find no error in the charge given.

Stein, J.P., McCarthy, Egan Jr. and Clark, JJ., concur.

ORDERED that the decree is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court