Matter of Christie (2019 NY Slip Op 01596)





Matter of Christie


2019 NY Slip Op 01596


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-10950
 (Index No. 950/15)

[*1]In the Matter of Christine E. Christie, deceased. Pamela C. Kart, respondent; John Scott Christie, appellant.


Frank J. Blangiardo, Riverhead, NY, for appellant.
Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Anthony C. Pasca of counsel), and McNulty-Spiess, P.C., Riverhead, NY (James Spiess of counsel), for respondent (one brief filed).



DECISION & ORDER
In a contested probate proceeding, the objectant, John Scott Christie, appeals from a decree of the Surrogate's Court, Suffolk County (John M. Czygier, Jr., S.), dated September 30, 2016. The decree, upon an order of the same court dated September 12, 2016, granting the petitioner's motion for summary judgment dismissing the objections to probate of the last will and testament of the decedent, admitted the will to probate.
ORDERED that the decree is reversed, on the law, with costs, that branch of the petitioner's motion which was for summary judgment dismissing the objection to probate based on lack of due execution is denied, and the order dated September 12, 2016, is modified accordingly.
The decedent died on February 6, 2015, survived by four children, including the petitioner Pamela C. Kart and the objectant John Scott Christie. The petitioner commenced this proceeding to admit to probate a last will and testament dated December 8, 2006. The objectant filed objections to probate on the grounds that the decedent lacked testamentary capacity, the will was not duly executed, and the will was the product of undue influence and fraud on the part of, among others, the petitioner. After discovery was complete, the petitioner moved for summary judgment dismissing the objections to probate. In an order dated September 12, 2016, the Surrogate's Court granted the motion and dismissed the objections. In a decree dated September 30, 2016, the court, upon the order, admitted the will to probate. The objectant appeals.
The granting of summary judgment in a contested probate proceeding is rare (see Matter of Greene, 89 AD3d 941, 942-943; Matter of Shapiro, 65 AD3d 790, 791; Matter of Paigo, 53 AD3d 836, 838; Matter of Grubert, 139 AD2d 741, 742). The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements (see EPTL 3-2.1[a]; Matter of Collins, 60 NY2d 466, 468; Matter of Sabatelli, 161 AD3d 872, 873; Matter of Rottkamp, 95 AD3d 1338, 1339). "If the attestation clause is full and the signatures genuine and the circumstances corroborative of due execution, and no evidence disproving a compliance in any particular, the presumption may be lawfully indulged that all the provisions of the statute were complied with, although the witnesses are unable to recollect the [*2]execution or what took place at the time" (Matter of Kellum, 52 NY 517, 519; see Matter of Collins, 60 NY2d at 471; Matter of Shapiro, 65 AD3d at 791). Thus, even where the memory of both attesting witnesses is failed or imperfect, a will nevertheless may be admitted to probate (Matter of Collins, 60 NY2d at 468; Matter of Shapiro, 65 AD3d at 791).
Here, one of the attesting witnesses testified at his deposition that he did not draft the subject will. The other attesting witness believed that he had supervised the execution of the will, but he had no independent recollection of doing so. We disagree with the Surrogate's Court's determination that the petitioner presented evidence establishing, as a matter of law, circumstances which give rise to the presumption of regularity that the will was properly executed in all respects (cf. Matter of Templeton, 116 AD3d 781; Matter of Farrell, 84 AD3d 1374). Specifically, each attesting witness's affidavit contains a notary stamp with the year 2017, even though the will purportedly was executed in 2006. In moving for summary judgment dismissing the objection based on lack of due execution, the petitioner failed to eliminate all triable issues of fact (cf. Matter of Selvaggio, 146 AD3d 891, 891; Matter of Rottkamp, 95 AD3d at 1339). Accordingly, the Surrogate's Court should have denied that branch of the motion.
However, we agree with the Surrogate's Court that the petitioner made a prima facie showing of entitlement to judgment as a matter of law dismissing the objection based on the decedent's lack of testamentary capacity by submitting evidence that demonstrated that the decedent "understood the nature and consequences of making the will, the nature and extent of [her] property, and the natural objects of [her] bounty" (Matter of Mele, 113 AD3d 858, 859; see Matter of Kumstar, 66 NY2d 691, 692; Matter of Sabatelli, 161 AD3d at 874). In opposition, the objectant failed to raise a triable issue of fact (see Matter of Rottkamp, 95 AD3d at 1339; Matter of Herman, 289 AD2d 239, 240).
We also agree with the Surrogate's Court that the plaintiff made a prima facie showing of entitlement to judgment as a matter of law dismissing the objection based on undue influence and fraud. In opposition to the petitioner's prima facie showing that the will was not the product of undue influence or fraud (see Matter of Rottkamp, 95 AD3d at 1339-1340), the objectant failed to submit any evidence, beyond conclusory allegations and speculations, that anyone actually exercised undue influence over the decedent (see Matter of Eastman, 63 AD3d 738, 740), or that fraudulent statements were made to the decedent to induce her to make a will disposing of her property in a manner contrary to that which she otherwise would have effected (see Matter of Mele, 113 AD3d at 860-861; Matter of Rottkamp, 95 AD3d at 1340).
Accordingly, we reverse the decree, deny that branch of the petitioner's motion which was for summary judgment dismissing the objection to probate based on lack of due execution, and modify the order dated September 12, 2016, accordingly.
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court