Matter of Michels (2021 NY Slip Op 01978)





Matter of Michels


2021 NY Slip Op 01978


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-00566

[*1]In the Matter of Rita Michels, etc., deceased. John Michels, appellant; Lorraine Michels, et al., respondents. (File No. 390506/16)


Jonathan E. Kroll & Associates, PLLC, Garden City, NY (Rachel Schulman of counsel), for appellant.
Law Offices of E. Michael Rosenstock, P.C., Rockville Centre, NY, for respondents.



DECISION & ORDER
In a contested probate proceeding, the petitioner appeals from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated October 16, 2018. The order, insofar as appealed from, denied those branches of the petitioner's motion which were for summary judgment dismissing the objections to probate based on lack of due execution and undue influence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs payable personally by the objectants, and those branches of the petitioner's motion which were for summary judgment dismissing the objections to probate based on lack of due execution and undue influence are granted.
Rita Michels (hereinafter the decedent) died on June 14, 2016. She was survived by three of her five children and by multiple grandchildren, including Anne Marie Michels, Lorraine Michels, and Joseph Michels (hereinafter collectively the objectants), who are the children of Charles Michels (hereinafter Charles), the decedent's son, who predeceased the decedent. From approximately 2001, Anne Michels (hereinafter Anne), the decedent's daughter, lived with the decedent in the decedent's home.
In September 2016, the petitioner, John Michels, as executor of the decedent's estate, offered a written instrument dated February 24, 2010, for probate (hereinafter the 2010 will). The 2010 will distributed all of the decedent's property to a living trust created on October 16, 2003, and any amendments or restatements thereto. The trust provided that each of the decedent's children would receive an equal share of the trust property upon the decedent's death. However, the trust excluded the descendants of Charles from any distribution. An amendment to the trust dated February 24, 2010, provided that Anne would have the right to live in the decedent's home rent free until it was sold.
In April 2017, the objectants filed objections to probate, alleging, inter alia, lack of due execution and undue influence. After the completion of discovery, the petitioner moved for summary judgment dismissing the objections to probate. In an order dated October 16, 2018, the Surrogate's Court, inter alia, denied those branches of the petitioner's motion which were for [*2]summary judgment dismissing the objections based on lack of due execution and undue influence. The petitioner appeals.
The 2010 will was prepared by the decedent's estate attorney and executed in the attorney's office by witnesses who executed a self-proving affidavit. However, there is no evidence that an attorney supervised the execution of the will.
"The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements" (Matter of Christie, 170 AD3d 718, 719; see EPTL 3-2.1[a]; Matter of Collins, 60 NY2d 466, 468; Matter of Sabatelli, 161 AD3d 872, 873). "Where the will is drafted by an attorney and the drafting attorney supervises the will's execution, there is a presumption of regularity that the will was properly executed in all respects" (Matter of Sabatelli, 161 AD3d at 873-874; see Matter of Moskowitz, 116 AD3d 958, 959; Matter of Farrell, 84 AD3d 1374, 1374). Although the evidence here did not establish that the execution of the will was supervised by an attorney, "a presumption of compliance with the statutory requirements also arises where a propounded will contains an executed attestation clause and a self-proving affidavit" (Matter of Greene, 89 AD3d 941, 943; see Matter of Farrell, 84 AD3d at 1374). Further, "even where the memory of both attesting witnesses is failed or imperfect, a will nevertheless may be admitted to probate" (Matter of Christie, 170 AD3d 718, 720; see Matter of Collins, 60 NY2d at 471; Matter of Shapiro, 65 AD3d 790, 791).
Here, the petitioner established, prima facie, that the 2010 will was duly executed pursuant to EPTL 3-2.1 by submitting a copy of the 2010 will with its executed attestation clause and self-proving affidavit (see Matter of Llewellyn, 135 AD3d 499, 500; Matter of Greene, 89 AD3d at 943). At their depositions, both attesting witnesses, who were employees of the drafting attorney's law office, identified their signatures as witnesses to the 2010 will (see Matter of Malan, 56 AD3d 479, 479). Both attesting witnesses testified as to the office's general practice for will executions, which met the statutory requirements. In opposition, the objectants failed to raise a triable issue of fact.
Further, the petitioner established, prima facie, that no undue influence was exercised upon the decedent (see Matter of Martinico, 177 AD3d 882, 885; Matter of Shui Yuk Mak Chin, 153 AD3d 628, 628). The decedent's attorney testified at his deposition that the decedent contacted him in 2003 and thereafter executed a prior will, which also specifically disinherited Charles's descendants. The decedent executed the trust on the same date. The attorney testified that there was no indication in the record that anyone accompanied the decedent to his office that day and that if she had come with a family member, his procedure would have been to speak with the decedent alone, particularly if she were disinheriting someone.
In 2009, pursuant to the attorney's standard practice, his office contacted the decedent to review her testamentary plan. At a meeting attended by the decedent and Anne, the attorney spoke with the decedent outside of Anne's presence, and the decedent indicated that she did not want to give anything more to Anne, even though Anne had been taking care of her. Although the decedent retained the same general testamentary plan, she wanted to amend her estate documents to allow Anne to remain in her house for six months after her death, at the estate's expense. At that time, the decedent, although 90 years old, was alert, strong-minded, and financially, mentally, and emotionally independent when she executed the 2010 will (see Matter of Cianci, 165 AD3d 655, 657; Matter of Zirinsky, 43 AD3d 946, 948).
In opposition, the objectants failed to raise a triable issue of fact as to undue influence. Their conclusory allegations and speculation as to Anne's treatment of the decedent was insufficient to raise a triable issue of fact (see Matter of Cianci, 165 AD3d at 657-658; Matter of Capuano, 93 AD3d 666, 668). The fact that Anne had a confidential relationship with the decedent was counterbalanced by evidence of a close family relationship that existed between them while they lived together (see Matter of Anella, 88 AD3d 993, 995; Matter of Zirinsky, 43 AD3d at 948).
Accordingly, the Surrogate's Court should have granted those branches of the petitioner's motion which were for summary judgment dismissing the objections based on lack of due execution and undue influence.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court