*193 OPINION OF THE COURT
James D. Pagones, J.
This is an uncontested probate proceeding. It nevertheless raises several issues which compel the court’s intervention. They are:
1. The lack of a family tree and affidavit of heirship.
2. Failure of the attorney/draftsman to comply with SCPA 2307-a.
3. The effect of decedent’s lifetime trust and first amendment to it on the disposition of assets.
4. The cash gift to the attorney/draftsman’s wife.
5. The directive in the lifetime trust to allow full trustee’s commissions and reasonable attorney’s fees to the attorney/ draftsman.
Background
The decedent’s will is dated December 3, 1997. It names Evangeline Reilly and Attorney Robert A. MacKennan coexecutors. Attorney MacKennan and Edith K. MacKennan are the two witnesses to the will.
The decedent died a resident of Dutchess County, New York, on May 25, 2001. The will was offered for probate by petition filed July 12, 2001. A revocable lifetime trust and subsequent first amendment both executed according to EPTL 7-1.17 were filed at the same time. The lifetime trust is dated January 29, 1998, and the date of the first amendment is October 4, 2000.
The will contains a series of bequests of cash and personal property to various individuals. The residuary consists of three equal shares to named beneficiaries.
The grantor of the revocable lifetime trust is the decedent. A list of the initial property comprising the trust corpus appears at the end.
The first amendment to the lifetime trust seeks to amend it by incorporating by reference changes to the will, dated December 3, 1997. Gifts of personal property and cash to named individuals and entities, as well as reference to the residuary clause of the decedent’s will and changes to it, are set forth in the balance of this document.
Lack of Distributee Information
Paragraph 5 of the probate petition states the decedent died without any distributees. However, no affidavit from a dis *194 interested person or a family tree or diagram accompanied the petition. This is contrary to the mandate set forth in 22 NYCRR 207.16 (c). Additionally, no affidavit was filed to indicate what efforts were undertaken to ascertain the existence of any distributees.
The probate proceeding shall be held in abeyance until there is full compliance with the court rule. Petitioners, are directed to submit the required information no later than August 9, 2001. Attorney MacKennan should have little difficulty in assimilating facts about the decedent’s family. He was his attorney for 20 years according to paragraph 8 (a) of the probate petition. A guardian ad litem may be appointed based upon the submission.
SCPA 2307-a
Attorney MacKennan is the scrivener of the propounded instrument and a named coexecutor. He has failed to comply with the requirements of SCPA 2307-a (added by L 1995, ch 421, § 1, eff Aug. 2, 1995). No written acknowledgment of disclosure by the testator was filed under either SCPA 2307-a (1) or (2). No explanation was offered by the attorney. None of the beneficiaries under the will signed a two-part waiver (1) disclosing the fact that commissions for Attorney MacKennan would be reduced by one half and (2) giving their consent to increase commissions by one half in any event. Thus, the issue of whether waivers from all affected parties would in some fashion satisfy SCPA 2307-a is not before the court.
No reasonable ground exists to excuse the absence of a written acknowledgment (SCPA 2307-a [9] [b] [ii] [B]). Therefore, the commissions of Attorney MacKennan shall be one half the statutory commissions to which he as executor would otherwise be entitled under SCPA 2307 and 2313.
SCPA 2307-a (7) mandates that a determination of compliance with the statute “shall be made in a proceeding for the issuance of letters testamentary.” The probate proceeding before me is distinguishable from the holding by my colleague, Honorable Lee L. Holzman, in Matter of Fleshler (176 Misc 2d 583 [Sur Ct, Bronx County 1998]). In that estate Surrogate Holzman held that since the only assets of the estate were pending causes of action, it made economical and practical sense to hold the issue of compliance determination in abeyance until an accounting or other appropriate future proceeding. Here, the probate petition indicates the decedent’s gross testamentary estate is greater than $500,000 but gives no ceiling on its approximate value.
*195 Lifetime Trust and First Amendment
EPTL 7-1.18 provides that “[a] lifetime trust shall be valid as to any assets therein to the extent the assets have been transferred to the trust.” Simply attaching a schedule which recites that certain assets belong to the trust is not sufficient. The grantor is obligated to actually transfer the assets (Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 7-1.18, 2001 Pocket Part at 42). Here, the decedent/grantor only “lists” the property which forms the corpus of the lifetime trust.
The Memorandum in Support of Laws of 1997 (ch 139), the statute creating EPTL 7-1.17 and 7-1.18, states:
“The term transfer is defined in the statute; in the case of assets which may be registered, such as stocks, bonds, bank accounts, real estate, etc., transfer means completion of the recording of the deed, change of title of the bank account, actual reregistration of the stock certificate or change of the security account, etc.” (1997 McKinney’s Session Laws of NY at 2130.)
The list of assets appearing at the end of the lifetime trust, dated January 29, 1998, is therefore ineffective to accomplish the intent and purpose of the statute.
The first amendment to the lifetime trust contains four paragraphs. The first paragraph changes monetary bequests to separate individuals in paragraphs seventh and eighth of the will, dated December 3, 1997. Gifts to a named individual in paragraph fifth of the will “are deleted.” Paragraph two is a gift of tangible personal property to a named individual. Paragraph three consists of a series of cash gifts to entities and persons, including a $50,000 gift to the attorney/ draftsman’s wife Edith MacKennan. Paragraph four states: “all the rest of my property not otherwise described in the will dated December 3, 1997, tangible and intangible, including securities and bank accounts, I give to Mr. and Mrs. Edward Reilly, Vassar College, or the survivor of them.”
New York has substantially rejected the concept of incorporation by reference with respect to decedent’s estates (38 NY Jur 2d, Decedent's Estates, § 431). There are exceptions so that not every attempt to dispose of assets by reference in the will to another instrument will be foiled (Matter of Ivie, 4 NY2d 178, 181 [1958]). The propounded instrument makes no reference whatsoever to either the lifetime trust or first amendment. Any reference to the will is found in the two trust instruments. *196 In essence, the decedent/grantor employed a reverse incorporation by reference by making substantial changes to his will by virtue of paragraphs one and four of the first amendment to the lifetime trust.
The decedent’s attempt to amend testamentary and residuary dispositions in the propounded instrument through those paragraphs is ineffective. EPTL 7-1.17 provides the precise requirements for creating, amending and revoking lifetime trusts. It does not allow for an alternative method nor supercede the exact formalities for the execution of wills and codicils set forth in EPTL 3-2.1. Thus, paragraphs one and four of the first amendment to the lifetime trust are null and void.
Cash Gift to Attorney/Draftsman’s Wife
Paragraph three of the first amendment to the lifetime trust contains a cash gift of $50,000 to the attorney/draftsman’s wife, Edith MacKennan. The seminal case of Matter of Putnam (257 NY 140 [1931]) contains a clear admonition that “[a]ttorneys for clients who intend to leave them or their families a bequest would do well to have the will drawn by some other lawyer.” (Id. at 143 [emphasis added].) Through the years the Putnam rule has been applied in a variety of cases, including but not limited to inter vivos gifts. (See, Reoux v Reoux, 3 AD2d 560, 562 [3d Dept 1957], affd 4 NY2d 1022 [1958].) Although a gift requires no consideration, it must be shown to have been freely and voluntarily made. Where facts show a confidential relationship between parties, a valid gift must be established by clear and satisfactory evidence. It must be demonstrated that the transfer of property in question was freely and voluntarily made on the part of the donor (Reoux v Reoux, supra at 562). The 20-year attorney-client relationship between Mac-Kennan and the decedent is construed as being quite confidential.
Therefore, pursuant to the cited decisional authorities, the court will conduct an evidentiary hearing concerning the issue of the decedent’s cash gift to the attomey/draftsman’s wife on Thursday, September 6, 2001, at 10:30 a.m. Adjournments are only granted with leave of the court. The burden of proving that the gift was freely and voluntarily made is upon the donee.
Trust Directive Concerning Commissions and Attorney’s Fees
Paragraph eleven of the lifetime trust, dated January 29, 1998, provides for the appointment of Attorney Robert A. MacKennan as successor trustee to act upon the decedent’s *197 death or his inability to act for whatever reason. Paragraph nine of the same trust instrument provides that the successor trustee “shall be entitled to be paid trustee’s commissions as provided by law and in addition to reasonable attorney’s fees.” The lifetime trust instrument is witnessed by the attorney/ draftsman and another individual.
In Matter of Weinstock (40 NY2d 1 [1976]), the Court of Appeals held that letters can be denied to an attomey/draftsman who has induced a client to name that attorney to serve in a fiduciary capacity. While the holding in Matter of Weinstock related to a probate proceeding, the essence of that decision should not be restricted to the probate of wills. The position of trustee is no less important or sacred than the individual named to administer someone’s estate under a will. Therefore, the court will conduct a hearing on Thursday, September 6, 2001, at 10:30 a.m. for the purpose of receiving evidence in acceptable form concerning the relationship and interaction between the decedent and the attorney/draftsman which caused the decedent to nominate him as the successor trustee under the lifetime trust. Adjournments are only granted with leave of the court.