■ JOSEPH FASANO, Appellant, v LUCILLE DIGIACOMO, Formerly Known as LUCILLE FASANO, et al., Respondents. [853 NYS2d 657]—

On August 4, 1998 Lucy Fasano (hereinafter Lucy) executed a trust agreement naming her sister, Anna Messenio (hereinafter Anna), as the trustee, and her children Ralph Fasano (hereinafter Ralph) and Lucille DiGiacomo, formerly known as Lucille Fasano (hereinafter DiGiacomo), as beneficiaries. Lucy's home in Maspeth, New York (hereinafter the real property) was designated as the corpus of the trust, and, upon the execution of the trust agreement, Lucy transferred the real property to Anna Messenio, as trustee. Although the trust agreement recited that it was made by both Lucy and Anna, it is undisputed that Anna never signed the agreement. Moreover, Lucy and Anna allegedly did not understand, until late 2004, that title to the real property had been purportedly transferred to a trust, at which time Anna, as trustee, received a property tax rebate check referable to the real property. Shortly thereafter, by quitclaim deed dated December 20, 2004, Anna purportedly conveyed the real property back to Lucy. Eleven days later, on December 31, 2004, Lucy conveyed the real property to DiGiacomo.

Ralph subsequently commenced this action seeking, inter alia, a judgment declaring that the quitclaim deed dated December 20, 2004, purportedly transferring the real property from Anna to Lucy, and the deed dated December 31, 2004, conveying the real property from Lucy to DiGiacomo, are null and void. Ralph died shortly after the commencement of the action, and his son, Joseph Fasano, was substituted as the plaintiff. The plaintiff thereafter moved for summary judgment declaring, inter alia, that the deed dated December 31, 2004 is null and void, and on his third cause of action for an accounting. DiGiacomo cross-moved for summary judgment dismissing the third cause of action insofar as asserted against her, and declaring that Lucy did not create a valid trust, or validly transfer the real property thereto, and that the deed dated December 31, 2004 is valid, on the ground that the August 4, 1998 trust agreement was not executed by the named trustee in compliance with EPTL 7-1.17. The Supreme Court denied the plaintiff's motion and granted DiGiacomo's cross motion, and we affirm.

EPTL 7-1.17 was enacted in 1997 to impose certain formal requirements for the creation, amendment, and revocation of lifetime trusts (*see* L 1997, ch 139; *Matter of Kneznek,* 284 AD2d 698 [2001]). "Until the passage of this statute in 1997, New York, a state with strict and rigid requirements for wills . . . did not have any formal requirements for lifetime trusts" (Turano, Practice Commentaries, McKinney's Cons Laws of NY,

Book 17B, EPTL 7-1.17, at 334). In enacting the statute, the Legislature recognized that "[s]ome degree of formality helps the parties involved realize the serious nature of the instrument being executed and reduces substantially the potential for foul play" (Senate Introducer Mem in Support, Bill Jacket, L 1997, ch 139, at 8).

EPTL 7-1.17 (a) provides that a lifetime trust agreement must be in writing, and requires that it "shall be executed and acknowledged by the initial creator and, unless such creator is the sole trustee, by at least one trustee thereof, in the manner required by the laws of this state for the recording of a conveyance of real property or, in lieu thereof, executed in the presence of two witnesses who shall affix their signatures to the trust instrument." Here, it is undisputed that the trust agreement was never executed by Anna, the designated trustee, in accordance with the requirements set forth in EPTL 7-1.17 (a) for the creation of a lifetime trust. Accordingly, no valid trust was created, and any transfer into or out of the putative trust on August 4, 1998 was null and void. Lucy thus retained ownership of the real property, and validly conveyed it to DiGiacomo on December 31, 2004.

The plaintiff's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring that Lucy Fasano did not create a valid trust and did not validly transfer the real property thereto on August 4, 1998, and that the deed dated December 31, 2004, is valid (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Skelos, J.P., Fisher, Covello and Eng, JJ., concur.