■ In the Matter of LISA BISHOP et al., Respondents, v RONA MAURER, Appellant. [899 NYS2d 612]—

Order, Surrogate's Court, New York County (Troy K. Webber, S.), entered on or about November 9, 2009, which, upon reargument, adhered to a prior order (Renee R. Roth, S.), entered on or about December 1, 2008, granting petitioners' motion for summary judgment determining that certain real estate and its contents were estate assets, unanimously reversed, on the law and the facts, without costs, and the motion for summary judgment denied. Appeal from the prior order unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

In order for assets to become part of a trust under EPTL 7-1.18, the "grantor is obligated to actually transfer the assets" to the trust (*Matter of Rothwell*, 189 Misc 2d 191, 195 [2001]). Furthermore, the language of the statute is clear that mere "recital of assignment, holding or receipt" is insufficient for transferring assets to a trust. Here, the trust instrument simply recited that various assets belonged to, or had been assigned to, the trust; there was no evidence in the record that any deed had actually been executed. The Surrogate thus correctly found that because a deed was required under EPTL 7-1.18, the real property at issue had never been conveyed to the trust.

Although it is beyond dispute that the house in question is part of the estate rather than part of the trust, the issue is nonetheless inextricably intertwined with respondent's counterclaim in a related proceeding that the decedent deliberately failed to transfer the real estate to the trust in the first instance, thus breaching his contractual obligation to do so. As a result, the Surrogate should have denied summary judgment pending determination of the related proceeding, since the decision on

the trust assets would render ineffectual a favorable result for respondent in the related proceeding. Concur—Mazzarelli, J.P., Sweeny, Freedman, Richter and Manzanet-Daniels, JJ.