■ CLARENCE GAINES, as the Executor of JANIE GAINES, Deceased, Respondent, v CITY OF NEW YORK et al., Defendants, and DEPARTMENT OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. [29 NYS3d 270]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered August 22, 2014, which denied claimant's cross motion to, among other things, amend a prior order, same court (Edgar G. Walker, J.), entered August 17, 2010, unanimously affirmed, without costs.

Prior to the death of plaintiff's daughter (decedent), decedent had entered into a settlement with defendants Metropolitan Transportation Authority (MTA) and Evercare Home Health Care Services Inc., resolving a personal injury action. Upon entering into the settlement, decedent, who was receiving supplemental security income, Medicare and Medicaid due to several preexisting conditions, petitioned the court to approve and authorize the creation of a supplemental needs trust (SNT) (*see* 42 USC § 1396p [c] [2] [B] [iv]; [d] [4] [A]; Social Services Law § 366 [2] [b] [2] [iii] [A]), into which the settlement proceeds would be transferred. By order entered August 17, 2010, the petition was granted. On or about September 23,

2010, the MTA sent its portion of the settlement to decedent's counsel, who placed the funds in escrow pending completion of the documents creating and funding the SNT. On November 8, 2010, before she had the opportunity to formally execute the trust documents, decedent died. Thereafter, claimant, which was to be the remainderman of the SNT, moved for, among other things, the principal and interest that remains in the SNT.

The motion court correctly denied the motion, because decedent's failure to complete the formalities associated with setting up the SNT prior to her death was fatal to the SNT's existence. Neither decedent nor the putative trustee executed or acknowledged the proposed trust agreement, and the SNT was never properly funded with the settlement proceeds (*see* EPTL 7-1.17, 7-1.18; *Fasano v DiGiacomo*, 49 AD3d 683, 684-685 [2d Dept 2008], *lv denied* 11 NY3d 710 [2008]; *see also Matter of Bishop v Maurer*, 73 AD3d 455, 455 [1st Dept 2010]). Accordingly, a valid SNT was never created.

The proposed SNT is a "lifetime trust" within the meaning of the EPTL, and therefore the formality requirements of that statute are applicable (EPTL 1-2.20). Although a trust "created by [a] judgment or decree of a court" is not considered a lifetime trust (*id.*), that exception does not apply here, because the order "establish[ing]" the SNT is not a judgment or decree of a court.

We have considered claimant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe and Richter, JJ.