Kagan v Ameriprise Fin. Servs., Inc. (2021 NY Slip Op 00551)





Kagan v Ameriprise Fin. Servs., Inc.


2021 NY Slip Op 00551


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2018-15179
 (Index No. 51485/17)

[*1]Michelle Kagan, respondent, 
v
Ameriprise Financial Services, Inc., et al., respondents-appellants, Valarie Kagan, appellant-respondent.


Mansfield, Gautier & Rosenthal LLP, Red Hook, NY (Lisa Rosenthal of counsel), for appellant-respondent.
Carlet, Garrison, Klein & Zaretsky, LLP, New York, NY (Michael J. Zaretsky of counsel), for respondents-appellants.
Corbally, Gartland and Rappleyea LLP, Poughkeepsie, NY (Alexandra C. Downey of counsel), for respondent.



DECISION & ORDER
In an action for a judgment declaring that the plaintiff is the sole beneficiary of certain retirement accounts, the defendant Valarie Kagan appeals, and the defendants Ameriprise Financial Services, Inc., and RiverSource Life Insurance Company cross-appeal, from an order of the Supreme Court, Dutchess County (James D. Pagones, J.), dated December 21, 2018. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment declaring that the plaintiff is the sole beneficiary of the subject retirement accounts. The order, insofar as cross-appealed from, denied that branch of the cross motion of the defendants Ameriprise Financial Services, Inc., and RiverSource Life Insurance Company which was for an award of an attorney's fee.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, that branch of the cross motion of the defendants Ameriprise Financial Services, Inc., and RiverSource Life Insurance Company which was for an award of an attorney's fee is granted, and the matter is remitted to the Supreme Court, Dutchess County, for a hearing to determine the amount of the attorney's fee to be awarded and for the entry of a judgment, inter alia, declaring that the plaintiff is the sole beneficiary of the subject retirement accounts; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendant Valarie Kagan, and one bill of costs is awarded to the defendants Ameriprise Financial Services, Inc., and RiverSource Life Insurance Company, payable by the plaintiff.
On January 9, 2017, David Harold Kagan (hereinafter the decedent), who held certain retirement accounts issued by the defendants Ameriprise Financial Services, Inc., and RiverSource Life Insurance Company (hereinafter together the Ameriprise defendants), changed the beneficiary on those accounts from his wife, the defendant Valarie Kagan, to his sister, the plaintiff. On January [*2]11, 2017, the decedent committed suicide. The plaintiff commenced this action for a judgment declaring that she is the sole beneficiary of the accounts, and she thereafter moved for summary judgment declaring that she is the sole beneficiary of the accounts. The Ameriprise defendants took no position as to the appropriate beneficiary of the accounts, but cross-moved, inter alia, for an award of an attorney's fee. In an order dated December 21, 2018, the Supreme Court, among other things, granted the plaintiff's motion for summary judgment and denied that branch of the Ameriprise defendants' cross motion which was for an award of an attorney's fee. Valarie appeals, and the Ameriprise defendants cross-appeal.
The plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating that the decedent executed a change of beneficiary form designating her as the sole beneficiary of the accounts, and that the decedent was "lucid" and "explicit" regarding his wishes to leave nothing to Valarie, who had commenced an action for a divorce against him (see Dindiyal v Dindiyal, 149 AD3d 1035, 1036). In opposition, Valarie failed to raise a triable issue of fact as to the decedent's mental capacity at the time he executed the change of beneficiary form based upon the conclusory and unsubstantiated assertions of Valarie and her daughter regarding the decedent's mental state (see Mastrantoni v Mancini, 171 AD3d 908, 909). Valarie also failed to raise a triable issue of fact as to whether the plaintiff exerted undue influence over the decedent based upon the conclusory and speculative assertions raised by Valarie and her daughter (see Matter of Cianci, 165 AD3d 655, 657-658).
Further, Valarie's contention that the plaintiff's motion for summary judgment should have been denied as premature is without merit. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Cajas-Romero v Ward, 106 AD3d 850, 852). "The mere hope or speculation that evidence to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny a motion for summary judgment" (Paul v Village of Quogue, 178 AD3d 942, 944). Here, Valarie failed to establish that the plaintiff's motion was premature.
Valarie's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment declaring that she is the sole beneficiary of the accounts.
Furthermore, the Supreme Court improvidently exercised its discretion in denying that branch of the Ameriprise defendants' cross motion which was for an award of an attorney's fee, since the Ameriprise defendants are neutral stakeholders forced to participate in the dispute over the contested funds (see CPLR 1006[f]; Citibank, N.A. v Park, 174 AD3d 778, 780; Sun Life Ins. & Annuity Co. of N.Y. v Braslow, 38 AD3d 529, 530). Accordingly, we remit the matter to the Supreme Court, Dutchess County, for a hearing to determine the amount of the attorney's fee to be awarded and, since this is a declaratory judgment action, for the entry of a judgment, inter alia, declaring that the plaintiff is the sole beneficiary of the subject retirement accounts (see Lanza v Wagner, 11 NY2d 317, 334).
MASTRO, A.P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court