Matter of Moore (2022 NY Slip Op 02800)

Matter of Moore

2022 NY Slip Op 02800

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2018-11305

[*1]In the Matter of Elizabeth N. Moore, etc., deceased. Michele Moore, appellant; Frank Moore III, respondent. (File No. 340/07)

Michele Moore, Huntington, NY, appellant pro se.
Craco & Ellsworth, LLP, Huntington, NY (Andrew Ellsworth of counsel), for respondent.

DECISION & ORDER
In a proceeding to invalidate an inter vivos trust, the petitioner appeals from an order of the Surrogate's Court, Suffolk County (John M. Czygier, S.), dated June 29, 2018. The order granted the respondent's motion for summary judgment dismissing the petition.
ORDERED that the order is affirmed, with costs.
The decedent, Elizabeth N. Moore, died in 2007. She was survived by two children, Michele Moore (hereinafter the petitioner), and Frank Moore III (hereinafter the respondent). Prior to her death, the decedent, as grantor and trustee, established an inter vivos trust designating the respondent as the successor trustee (hereinafter the trust). In 2008, limited letters of administration were issued to the petitioner for the purpose of prosecuting an action to determine the validity of the trust.
In 2013, the petitioner commenced this proceeding to invalidate the trust. The petition alleges that the decedent lacked the requisite mental capacity to enter into the trust agreement and that the trust was established as a result of the exercise of undue influence or fraud upon the decedent. At the close of discovery, the respondent moved for summary judgment dismissing the petition. In an order dated June 29, 2018, the Surrogate's Court granted the respondent's motion, and the petitioner appeals.
"As a general rule, a party's competence is presumed, and in order to set aside a transfer of property on the ground of lack of capacity, it must be established that the party did not understand the nature of the transaction at the time of the conveyance as a result of his or her mental disability" (Mastrantoni v Mancini, 171 AD3d 908, 909 [internal quotation marks omitted]). Here, the respondent established, prima facie, his entitlement to judgment as a matter of law based upon the presumption of the decedent's competence and by submitting, among other things, a transcript of the deposition testimony of the attorney who prepared the trust and witnessed its execution and the affidavit of the alternate successor trustee (see Kagan v Ameriprise Fin. Servs., Inc., 191 AD3d 654, 656; Bazigos v Krukar, 140 AD3d 811, 814). In opposition, the petitioner failed to raise a triable issue of fact (see Mastrantoni v Mancini, 171 AD3d at 909; Crawn v Sayah, 31 AD3d 367, [*2]368).
Similarly, the respondent established, prima facie, that the decedent's establishment of the trust was not the product of undue influence or fraud (see Mastrantoni v Mancini, 171 AD3d at 909; Harris v Pitts, 109 AD3d 790, 791; Matter of Spangenberg, 248 AD2d 543, 543). In opposition, the petitioner failed to raise a triable issue of fact (see Matter of Michels, 192 AD3d 1110, 1112; Matter of Cianci, 165 AD3d 655, 657-658).
We do not address the petitioner's remaining contentions, as they involve matter dehors the record or are improperly raised for the first time on appeal.
Accordingly, the Surrogate's Court properly granted the respondent's motion for summary judgment dismissing the petition.
IANNACCI, J.P., CHAMBERS, ROMAN and FORD, JJ., concur.

2018-11305 DECISION & ORDER ON MOTION
In the Matter of Elizabeth N. Moore, etc., deceased.
Michele Moore, appellant;
Frank Moore III, respondent.
(File No. 340/07)

Cross motion by the respondent on an appeal from an order of the Surrogate's Court, Suffolk County, dated June 29, 2018, to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record. Motion by the appellant to strike stated portions of the respondent's appendix on the ground that they contain matter dehors the record. Separate motion by the respondent to strike stated portions of the appellant's reply brief on the ground that they improperly raise issues for the first time in reply. By decision and order on motion of this Court dated February 21, 2020, the cross motion and the motions were held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the motions and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the cross motion by the respondent to strike stated portions of the appellant's brief is granted, and the following portions of the appellant's brief are stricken and have not been considered in the determination of the appeal: (1) from the second paragraph on page 6, the sentence "Michele has stacks of loving, handwritten letters from Elizabeth documenting their life long, loving relationship"; (2) on page 6, the entire last paragraph; (3) from the only paragraph on page 7, the phrase "and at least an $1.25 million inheritance"; (4) all of the material on pages 9 through 11, except the word "FACTS," appearing on page 9; (5) from the first full paragraph on page 16, the phrase "was printed on an inkjet printer similar to what the Kynes used"; and it is further,
ORDERED that the motion by the appellant to strike stated portions of the respondent's appendix is denied; and it is further,
ORDERED that the motion by the respondent to strike stated portions of the appellant's reply brief is granted, and all of the material on pages 1 through 3 of the appellant's reply brief is stricken and has not been considered in the determination of the appeal.
IANNACCI, J.P., CHAMBERS, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court