Murphy v Hollins-Reid (2025 NY Slip Op 02077)

Murphy v Hollins-Reid

2025 NY Slip Op 02077

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-00536
 (Index No. 50220/20)

[*1]Cindy Murphy, et al., appellants, 
v
Alison Hollins-Reid, respondent, et al., defendants.

Corbally, Gartland and Rappleyea, LLP, Poughkeepsie, NY (Ryan T. Dwan of counsel), for appellants.
Levy & Nau, P.C., Brooklyn, NY (Roger A. Levy of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that a trust is invalid, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated December 12, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant Alison Hollins-Reid which was for summary judgment declaring that the trust is valid.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the trust is valid.
In 2018, Mary Murphy Hollins (hereinafter the decedent) executed a will and an inter vivos trust, which included bequests to her 11 children. The trust stated that upon the decedent's death, 65% of the principal was bequeathed to her daughter, the defendant Alison Hollins-Reid (hereinafter the defendant), and the remaining 35% was to be divided equally among her other children.
After the decedent died, five of the decedent's children commenced this action against the defendant and the other beneficiaries of the trust for a judgment declaring that the trust is invalid and for an accounting. The defendant then moved, among other things, for summary judgment declaring that the trust is valid. In an order dated December 12, 2022, the Supreme Court, inter alia, granted that branch of the motion. The plaintiffs appeal.
The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment declaring that the trust is valid. The defendant had the prima facie burden of establishing that the decedent possessed contractual capacity at the time that the decedent executed the trust (see Matter of Moore, 204 AD3d 1014, 1015; Greene v Kevin D. Greene, LLC, 188 AD3d 1012, 1014). "As a general rule, a party's competence is presumed, and in order to set aside a transfer of property on the ground of lack of capacity, it must be established that the party did not understand the nature of the transaction at the time of the conveyance as a result of his or her mental disability" (Matter of Moore, 204 AD3d at 1015 [internal quotation marks omitted]).
Here, the defendant established, prima facie, that the decedent possessed contractual [*2]capacity at the time that the trust was executed by submitting a copy of the trust instrument, as well as a transcript of the deposition testimony and records of the decedent's attorney, who drafted the trust and oversaw its execution (see id.; cf. Matter of Nurse, 160 AD3d 745, 747). In opposition, the plaintiffs failed to raise a triable issue of fact.
The defendant also established, prima facie, that the trust was executed in compliance with EPTL 7-1.17(a) (cf. Fasano v DiGiacomo, 49 AD3d 683, 685), and was not the product of undue influence (see Matter of Michels, 192 AD3d 1110, 1112; Matter of Cianci, 165 AD3d 655, 658; Matter of Anella, 88 AD3d 993, 995). In opposition, the plaintiffs failed to raise a triable issue of fact with respect to either of those grounds (see Matter of Moore, 204 AD3d at 1015; Matter of Victor J., 165 AD3d 655, 657-658; see also Matter of Morris, 208 AD2d 733, 734). Under the circumstances, the fact that the defendant may have been in a confidential relationship with the decedent was counterbalanced by the defendant's evidence of a close family relationship that existed between them while they lived together (see Matter of Michels, 192 AD3d at 1112; Matter of Cianci, 165 AD3d at 658).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment declaring that the trust is valid.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the trust is valid (see Lanza v Wagner, 11 NY2d 317, 334).
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court